IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RECO BLAKELY                                                                                                    PLAINTIFF

v.                              Civil No. 4:11-cv-04088

SHERIFF JAMES SINGLETON;
CAPTAIN JOHNNY GODBOLT;
and LIEUTENANT MELSON                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Reco Blakely, pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the Arkansas Department of Corrections Randall L. Williams Correctional Facility in Pine Bluff, Arkansas.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**I.      BACKGROUND**

Upon initial review of Plaintiff's Complaint (ECF No. 1), the Court determined additional information was needed to properly screen Plaintiff's Complaint and ordered Plaintiff to complete

1

a Court prepared Addendum to his Complaint (ECF No. 6).  Plaintiff filed the completed Addendum on June 25, 2012.  ECF No. 7.

According to the Complaint, Plaintiff was incarcerated in the Hempstead County Detention Center ("HCDC") as a pretrial detainee during the time period at issue.  ECF No. 1, p. 4.  Plaintiff names Sheriff Singleton, Captain Godbolt, and Lieutenant Melson as Defendants and states he is suing all three Defendants in both their official and individual capacities.  ECF No. 1, pp. 3-4.

Plaintiff alleges that the Defendants did not ensure that all policies and rules were followed by the jailers and inmates at the HCDC.  ECF No. 1, p. 5.  Also Plaintiff alleges that Lieutenant Melson yelled verbal threats at him on August 25, 2011 regarding Plaintiff's responsibility over the call button.  Plaintiff claims he was forced to keep watch on a suicidal inmate on his "day out."  ECF No. 1, pp. 4-5.

Plaintiff also makes allegations regarding the conditions of his confinement.  First, Plaintiff claims his constitutional rights have been violated by being locked in a two-man cell twenty-four (24) hours a day.  This lock down causes Plaintiff to have suicidal thoughts.  ECF No. 1, p. 6.  Plaintiff claims "they" are not allowed into the day room to sit at the table and chairs and instead are forced to eat in the cells sitting on the toilet.  ECF No. 1, p. 6.  Also, Plaintiff is only allowed to clean his cell once a week.  ECF No. 1, p. 6.  Finally, Plaintiff claims that there is only one call button in his pod and one inmate is held accountable for the call button.  ECF No. 1, p. 6.  According to Plaintiff's Addendum, the inmate out for his "watch" day is required to be "on call" for the other inmates in his cell block.  Plaintiff explained that watch day is the day of the week the inmate is out of his cell for longer than the mandatary hour.  ECF No. 7, p. 4.  Plaintiff also claims in his Addendum that Captain Godbolt did not address the grievances Plaintiff submitted.

2

ECF No. 7, p. 4.

Plaintiff claims he suffers depression as a result of Defendants actions and requests monetary damages for his pain and suffering and the cruel and unusual punishment he suffered. ECF No. 7, p. 55.

The Court construes Plaintiff's Complaint, together with his Addendum, to state five claims: (1) Lieutenant Melson verbally threatened Plaintiff; (2) Plaintiff was locked down in his two-man cell twenty-four (24) hours a day; (3) Plaintiff was forced to eat in his cell sitting on his toilet and only allowed to clean his cell once a week; (4) Plaintiff was held responsible for other inmates by being forced to be responsible for the call button in his cell block; and (6) Plaintiff's grievance forms were not addressed.  ECF Nos. 1 and 7.

**II.   DISCUSSION**

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).  Although detailed factual allegations are not required, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S.

544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S at 678. While *pro se* complaints are to be construed liberally, courts must still apply the "plausibility standard." *See Ventura–Vera v. Dewitt,* 2011 WL 2184269, *1 (8th Cir. June 7, 2011).

Plaintiff's claims regarding his call button responsibility, the verbal threats, and his unanswered grievances are subject to dismissal.

Plaintiff's claim that his constitutional rights were violated when he was held responsible for pushing the call button if needed on his "day out" does not raise issues of constitutional magnitude. Accordingly, Plaintiff has failed to state a cognizable claim under Section 1983 regarding his responsibility for the call button.

Similarly, Plaintiff's claim that Lieutenant Melson verbally threatened Plaintiff also fails to state a cognizable claim under Section 1983. "Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless the plaintiff cut his hair and shaved does not state a claim of constitutional dimension); *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) (A cognizable claim was stated where the prisoner alleged "that a prison guard, without provocation,

4

and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death.").

Finally, Plaintiff does not have an independent constitutional right to a grievance procedure. *See Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (quoting *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993)). A jails failure to process an inmate's grievances, without more, is not actionable under Section 1983. *Buckley,* 997 F.2d at 495. Therefore, Plaintiff has failed to state a cognizable claim under Section 1983 regarding his grievances.

### III.   CONCLUSION

For the reasons stated, I recommend that Plaintiff's claims regarding his call-button responsibility, the verbal threats, and his grievance forms be **DISMISSED** pursuant to 28 U.S.C. § 1915A. By separate order service will be ordered on the Defendants for the remaining claims.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of October 2012.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE