IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RECO BLAKELY                                                                                          PLAINTIFF

V.                                         Civil No. 4:11-cv-04088

SHERIFF JAMES SINGLETON;
CAPTAIN JOHNNY GODBOLT;
and LIEUTENANT MELSON                                                                         DEFENDANTS

### ORDER

Before the Court is the Report and Recommendation filed October 16, 2012 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 8). Judge Bryant has screened the claims in Plaintiff's Complaint and the Addendum to his Complaint, (ECF No's 1 & 7), pursuant to 28 U.S.C. § 1915A. Judge Bryant recommends dismissal of certain claims while retaining others. The parties have not filed objections to the Report and Recommendation, and the time for doing so has passed. *See* 28 U.S.C. § 636(b)(1). After a *de novo* review of the record, the Court adopts Judge Bryant's report as its own.

Judge Bryant construed Plaintiff's Complaint to allege five claims under 42 U.S.C. § 1983: (1) Defendant Melson verbally threatened Plaintiff; (2) Plaintiff was locked down in his two-man cell 24 hours per day; (3) Plaintiff was forced to eat in his cell sitting on his toilet and only allowed to clean his cell once a week; (4) Plaintiff was held responsible for the call button in his cell block during his "day out;" and (5) Plaintiff's grievance forms were not addressed. Judge Bryant recommends dismissal of claims one, four, and five because they fail to state a claim upon which relief may be granted. The Court agrees. *See* 28 U.S.C. § 1915A(b).

"Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Additionally, Plaintiff's responsibility to oversee the call button on his cell block does not raise constitutional concerns. Finally, the failure to process an inmate's grievances, without more, is not actionable under § 1983. *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993). Therefore, these three claims must be dismissed.

Accordingly, the Court adopts Judge Bryant's Report and Recommendation in its entirety. For the reasons stated above, and those in Judge Bryant's report, claims (1), (4), and (5) of Plaintiff's Complaint are hereby **DISMISSED WITHOUT PREJUDICE**. Claims (2) and (3) remain as to Plaintiff's conditions of confinement.

**IT IS SO ORDERED**, this 6th day of December, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge