IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RECO BLAKELY                                                                                    PLAINTIFF

v.                             Civil No. 4:11-cv-04088

SHERIFF JAMES SINGLETON;
CAPTAIN JOHNNY GODBOLT;
and LIEUTENANT MELSON                                                                           DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Reco Blakely, proceeds *pro se* and *in forma pauperis* in this section 1983 action. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting a jury trial, ordering entry of final judgment, and conducting all post-judgment proceedings.  ECF No. 19.  Currently before the Court is Defendants' Motion for Summary Judgment.  ECF No. 23.  Plaintiff responded with the use of a Court prepared questionnaire.  ECF No. 31.  The Court has considered all of the briefing and finds his matter ripe for consideration.

I.   BACKGROUND

Plaintiff was incarcerated in the Hempstead County Detention Center ("HCDC") as a pretrial detainee during the time period at issue.  ECF No. 1, p. 4.  Plaintiff names Sheriff Singleton, Captain Godbolt, and Lieutenant Melson as Defendants and states he is suing all three Defendants in both their official and individual capacities.  ECF No. 1, pp. 3-4.

Plaintiff alleges that the Defendants did not ensure that all policies and rules were followed

1

by the jailers and inmates at the HCDC.  ECF No. 1, p. 5.  Plaintiff also claims his constitutional rights have been violated by being locked in a two-man cell twenty-four (24) hours a day.  Plaintiff claims "they" are not allowed into the day room to sit at the table and chairs and instead are forced to eat in the cells sitting on the toilet.  ECF No. 1, p. 6.  Also, Plaintiff is only allowed to clean his cell once a week.  ECF No. 1, p. 6.  According to Plaintiff's Addendum, the inmate out for his "watch" day is required to be "on call" for the other inmates in his cell block.  Plaintiff explained that watch day is the day of the week the inmate is out of his cell for longer than the mandatary hour.  ECF No. 7, p. 4.

Plaintiff claims he suffers depression as a result of Defendants actions and requests monetary damages for his pain and suffering and the cruel and unusual punishment he suffered.  ECF No. 7, p. 55.

The Court construes Plaintiff's Complaint, together with his Addendum, to state the following claims: (1) Plaintiff was locked down in his two-man cell twenty-four (24) hours a day; (2) Plaintiff was forced to eat in his cell sitting on his toilet; and (3) Plaintiff was only allowed to clean his cell once a week.[1]  ECF Nos. 1 and 7.

## II.     LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a

---

[1] Plaintiff stated additional claims in his Complaint and Addendum but these claims were dismissed at the screening stage.  ECF No. 18.

reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

In their Motion, Defendants argue (1) Plaintiff has failed to state an official capacity claim against any of the Defendants because he failed to allege any police or custom of Hempstead County caused his alleged constitutional violation; (2) Plaintiff's constitutional rights were not violated by the conditions of his confinement because he was allowed out of his cell for one hour each day and he was afforded more than 43.3 square feet of living space, and he was offered outside recreation once a week; (3) Plaintiff's allegations regarding his conditions of confinement, even if true, do not rise to the level of a constitutional violation because none of the conditions posed any objectively serious threat to Plaintiff's health and Plaintiff failed to allege any physical injury.

    A.    Official Capacity Claims

Defendants argue Plaintiff's Complaint is devoid of any alleged custom or policy of Hempstead County which resulted in a violation of his constitutional rights. Plaintiff contends in his Response, a custom, policy, or practice of Hempstead County deprived him of his federal constitutional rights.

Under section 1983, a defendant may be sued in either his individual capacity, or his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). An official capacity claim against Defendants is essentially a claim against Hempstead County. "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

The Court asked Plaintiff to explain his official capacity claims and he responded:

Nothing in the HCJ handbook that I received dated 10/8/13 along with defendants exhibits list and witness list mentions nothing about the lock-down process. Handbooks aren't given to inmates upon arrival to the jail."

ECF No. 31, p. 9 (errors in original). This response does not sufficiently allege facts to support an official capacity claim against Defendants, nor did Plaintiff allege any facts in his Complaint to support such a claim. Plaintiff has not present any facts showing a policy or custom of Hempstead County caused the conditions he alleged.

Additionally, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). In other words, Hempstead County cannot be held liable based merely on the fact it employs Defendants. Therefore, there are no genuine issues of material fact regarding Plaintiff's official capacity claims and these claims fail as a matter of law.

      B.    Conditions of Confinement Claims

Plaintiff claims Defendants violated his constitutional rights when they: left him locked down in his two-man cell twenty-four (24) hours a day; forced him to eat in his cell sitting on his toilet; and only allowed him to clean his cell once a week. All of these claims are construed by the Court as conditions of confinement claims. Defendants argue the HCDC is in compliance with constitutional requirements regarding the lockdown of Plaintiff and even if all of Plaintiff's allegations regarding eating in his cell and the availability of cleaning supplies are taken as true, he still fails to state a constitutional violation. Defendants also argue Plaintiff failed to allege he suffered any physical injury; therefore, he failed to state a claim. Finally, Defendants argue identical claims have previously been litigated against Hempstead County Detention Center and those claims were dismissed on summary judgment. *See Johnson v. Brown, et al.,* Civil No. 4:10-cv-

04138.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Here, Plaintiff was a pre-trial detainee at the time of the alleged incidents, however, the Eighth Circuit applies the same deliberate indifference standard to pretrial detainees as applied to convicted inmates. *See Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (deliberate indifference standard of the Eighth Amendment applies to claims, brought by pretrial detainees and convicted inmates, that prison officials failed to provide adequate food, clothing, shelter, etc.). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the

6

prisoner" *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels*, 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

The record here indicates there are factual disputes relating to how much time Plaintiff was locked down in his cell each day and how much space Plaintiff was provided in his cell. While the Court recognizes Plaintiff's Complaint and Addendum are unclear as to whether Plaintiff alleges he was locked down for twenty-four (24) hours each day or twenty-three (23) hours each day, Plaintiff specifically stated in his Response that he disputes Defendant Godbolt's affidavit statement that he was allowed out of his cell for one hour each day. Plaintiff, instead, contends that he was allowed one hour of recreation per week if the weather allowed and "10-15 min depending on if were your shower day." ECF No. 31, pp 5-6 (errors in original). Further, when asked directly by the Court whether he alleged he was allowed out of his cell for one hour per day, Plaintiff disagreed and stated "That's only if it was your day out every cell had their day out to be call button monitor." ECF No. 31, p.4. Lastly, Plaintiff disputes Defendant Godbolt's assertion that each inmate had at least 43.3 square feet of living space. According to Plaintiff, sometimes there were three inmates to each cell, and he argues this means they could not have all had 43.3 square feet of living space. ECF No. 31, p. 6. It is undisputed, however, that Plaintiff ate all of

his meals in his cell and he was allowed to clean his cell at least once a week.[2] ECF No. 31, pp. 7, 8.

In *Campbell v. Cauthron*, the Eighth Circuit Court of Appeals established that inmates confined to their cells for more than sixteen hours a day must be given the opportunity to exercise one hour, at least, daily. 623 F.2d 503, 506-07 (8th Cir. 1980). Clearly there are genuine issues of material fact as to whether Plaintiff was allowed out of his cell for at least one hour each day.

Further, *Campbell* also established that for inmates who are held for over a week, the minimum square feet of living space provided for an inmate should be 43.3 square feet. *Id.* Here, Plaintiff claims he was not afforded this 43.3 square feet because there were sometimes three inmates to a single cell. There is no indication on the record regarding how long Plaintiff was held on lockdown. If he were not locked down for more than a week, then the requirement of *Campbell* does not apply. Therefore, there are genuine issues of material fact as to whether Plaintiff was entitled to the 43.3 square feet of living space, and if he was, whether he was afforded it.

Lastly, the Court notes the record is devoid of any timetable regarding Plaintiff's exposure to the alleged conditions of confinement—the twenty-four (24) hour lockdowns, eating in his cell, and availability of cleaning supplies. The Court recognizes short exposures to these type of alleged conditions may not violate Plaintiff's constitutional

---

[2] The Court notes that Defendant Godbolt stated by affidavit that Plaintiff was offered cleaning supplies once a day and Plaintiff disputes this statement. However, Plaintiff acknowledges that he was allowed to clean his cell once a week. Accordingly, the Court finds the parties at least agree Plaintiff was afforded cleaning supplies at least once a week.

rights. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (denial of exercise privileges for thirty-seven (37) days, while pushing the outer limits of acceptable restriction, does not constitute a constitutional violation)*; Rahman X. v. Morgan,* 300 F.3d 970, 974 (8th Cir. 2002) (inmate denied outside recreation for three months failed to establish deliberate indifference to his health). *See also Williams v. Delo,* 49 F.3d 442, 445 (8th Cir. 1995) (four days in a strip cell with no clothes and the water to the toilet and sink shut off did not deny the inmate the minimal civilized measure of life's necessities); *Howard v. Adkison,* 887 F.2d 134, 137 (8th Cir. 1989) ("Conditions, such as a filthy cell, may be tolerable for a few days and intolerably cruel for weeks or months." ). *Compare Owens v. Scott County Jail,* 328 F.3d 1026, 1027 (8th Cir 2003) (inmate forced to sleep next to a toilet and have urine splashed on him while he slept for approximately five weeks did state a conditions of confinement claim sufficient to survive summary judgment); *Howard v. Adkison,* 887 F.2d 134 (8th Cir. 1989) (inmate living in a cell covered in filth and human waste for two years does violate the constitution). However, the Court cannot analyze Plaintiff's claims without undisputed facts on the record to indicate how long Plaintiff was subject to the lockdown and other alleged conditions of confinement. *See Wishon v. Gammon,* 978 F.2d 446, 449 (8th Cir. 1992) (Factors the Court should consider in reviewing Plaintiff's lack of exercise claim are: (1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement); *see also Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996) (in considering unsanitary living conditions, the length of time Plaintiff was subjected to the harsh conditions is a critical factor in analyzing whether his constitutional rights were

violated). The parties have not provided the Court with the dates or a date range in which Plaintiff was subjected to the alleged conditions. Therefore, the Court finds there are genuine issues of material fact as to whether Plaintiff's constitutional rights were violated by the alleged conditions of confinement.

The Court also notes that while the claims in *Johnson v. Brown, et al.,* Civil No. 4:10-cv-04138 are similar to the claims asserted by Plaintiff here, the Plaintiff in *Johnson* conceded facts that the Plaintiff here disputes. In *Johnson*, the Plaintiff conceded he was given at least one hour a day to exercise outside of his cell and provided at least 43.3 square feet of living space inside his cell. As explained above, Plaintiff disputes both of these facts. Further, the record in *Johnson* indicated the Plaintiff was exposed to the conditions he complained for at least a week. Here the record is devoid of any timetable regarding Plaintiff's lockdown and exposure to the other alleged conditions.

      C.     <u>Injury</u>

Lastly, Defendants argue that even if all of Plaintiff's allegations are taken as true he has failed to allege any physical injury and thus, may not maintain a federal civil action against Defendants.

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). *See also Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (the PLRA limits recovery for mental or emotional injury in all federal actions brought by prisoners). While the PLRA does limit recovery on claims where the plaintiff

has no physical injury it does not bar such claims—nominal damages, punitive damages, and injunctive and declaratory relief are available to a plaintiff that does not claim a physical injury. *See Royal*, 375 F.3d at 723. Therefore, the Court will not dismiss Plaintiff's claims at this stage based on his failure to assert a physical injury.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment (ECF No. 23) is hereby **GRANTED** in part and **DENIED** in part**.** Specifically, Plaintiff's official capacity claims are dismissed with prejudice. This leaves Plaintiff's individual capacity conditions of confinement claims for later resolution.

**IT IS SO ORDERED** this **21st day of April 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE